**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45513**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 30, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SCOTT PLUMMER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Dane H. Watkins Jr., District Judge.

Judgment of conviction and unified sentence of twenty-one years, with a minimum period of confinement of three years, for rape, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Scott Plummer pled guilty to rape, Idaho Code § 18-6101(1). The district court imposed a unified sentence of twenty-one years, with a minimum period of confinement of three years, and retained jurisdiction. The district court relinquished jurisdiction and Plummer filed an Idaho Criminal Rule 35 motion, which the district court denied. Plummer appeals, contending the district court abused its discretion in declining to grant probation at the initial sentencing and in denying his motion for reduction of sentence wherein the district court, in both instances, failed to consider and factor in his mental health conditions.

1

Sentencing is a matter for the trial court's discretion. That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When the defendant's mental health status is significant for sentencing purposes, I.C. § 19-2523 requires the court to look at several factors:

> (a) The extent to which the defendant is mentally ill; (b) The degree of illness or defect and level of functional impairment; (c) The prognosis for improvement or rehabilitation; (d) The availability of treatment and level of care required; (e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk; (f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

I.C. § 19-2523(1)(a)-(f); *State v. Miller*, 151 Idaho 828, 836, 264 P.3d 935, 943 (2011). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Plummer's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Plummer's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, Plummer's judgment of conviction and sentence, and the district court's order denying Plummer's Rule 35 motion, are affirmed.